UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
In the Matter of the Complaint of

ROBERT D. BROWN, as Owner of a 2020 42'
BLUEGAME (HIN: BGM420161920) for Exoneration
from or Limitation of Liability
-------------------------------------------------------------------X
BILLY SALAZAR and INGRID SALAZAR,

                                Plaintiffs,                    **REPORT AND**
                                                                  **RECOMMENDATION**
                -against-                              20-CV-4629 (JMA) (ARL)

PAT MALLOY WATERFRONT, LLC d/b/a
MALLOY'S WATERFRONT MARINA, MALLOY
ENTERPRISES, INC., COSTELLO'S MARINE
CONTRACTING CORPORATION, and COSTELLO
MARINE SERVICES, INC,

                                Defendants.
-------------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

       This matter arises out of a September 20, 2020 accident involving Claimant, Billy Salazar, who was acting as a hired Captain aboard a 42-foot vessel Bluegame (HIN BGM420161920) owned at the time by Robert D. Brown ("Petitioner"). Billy Salazar suffered serious and permanent personal injuries as a result of the accident. Presently before the Court is a motion of Billy Salazar and Ingrid Salazar ("Claimants") to amend their answer and counterclaim to allege unseaworthiness. ECF No. 31. Petitioner opposes the motion on the basis of undue delay, bad faith, prejudice and futility. ECF No. 35. For the reasons stated below, the undersigned recommends that the motion be granted.

                                               **BACKGROUND**

       As noted above, this action arises out of an accident on September 20, 2020, when Claimant was acting as a hired Captain aboard a 42-foot vessel Bluegame (HIN

RGM420161920) owned at that time by Petitioner.  The parties agree that while leaving a slip at Pat Malloy Waterfront Marina in Sag Harbor, New York, Salazar was injured when a cleat was ripped out of the dock at the Marina, striking Salazar in the head while he was at the helm.

Petitioner filed a Notice of Complaint for Exoneration from or Limitation of Liability on May 12, 2021.  ECF No. 1.  On June 17, 2021, Claimants, filed an Answer to the limitation Complaint along with Counterclaims and Demand for Trial by Jury. ECF No. 8.  On June 22, 2021, Claimants filed an Amended Answer and Amended Counterclaims adding a claim for punitive damages.  ECF No. 11.  Additionally, on August 6, 2021, Claimants filed a separate action against Pat Malloy Waterfront Marina and Costello Marine Contracting Corp.  *See* Docket No. 21-CV-04425 .  On October 21, 2021, both actions were consolidated for purposes of discovery.

A scheduling order was entered by this Court on August 25, 2021, setting the deadline for motions to amend the pleadings as November 15, 2021, and the deadline for the completion of discovery as June 15, 2022.  ECF No. 27.  On December 6, 2021, Claimants filed a motion to extend the deadline for amendment for the pleadings, arguing that counsel had only "recently became aware that certain allegations which were made in its initial Answer and Cross-Claims as well as others justify a separate cause of action for unseaworthiness which was not alleged in Respondents/Claimants' prior Answer." ECF No. 30.  The Court granted Claimants' unopposed motion on December 28, 2021, extending the date for the amendment of the pleadings until January 15, 2022.  Claimants motion to amend was filed on January 11, 2022.[1]  ECF No. 31. Attached to the Claimants' Memorandum of Law in Support of Motion for Leave to Amend

---

[1] On April 21, 2022, Petitioner filed a letter request for a pre-motion conference seeking permission to move to dismiss Claimant Ingrid Salazar's claim for loss of consortium and Billy Salazar's claim for punitive damages.  ECF No. 43.

2

Answer and Counterclaim is the Proposed Second Amended Answer to Complaint and Counterclaim of Claimants ("PAA").

## DISCUSSION

Amendment of an answer to assert counterclaims is governed by Federal Rule of Civil Procedure 15. *Carson Optical, Inc. v. Prym Consumer USA, Inc.,* No. 11 Civ 3677, 2012 U.S. Dist. LEXIS 151552, at *3-4 (E.D.N.Y. Oct. 22, 2012). Federal Rule of Civil Procedure ("Rule") 15 provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Generally, a motion to amend should be denied "only for reasons such as undue delay, bad faith, futility of the amendment or prejudice to the other party." *Crippen v. Town of Hempstead*, No. 07–CV–3478 (JFB)(ARL), 2013 WL 2322874, at *1 (E.D.N.Y. May 22, 2013); *see Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008) (*per curiam*) ("[M]otions to amend should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the nonmoving party."). [2]

Petitioner asserts that the proposed amendment should be barred due to Claimants' delay in making this application, and that counsel is possibly acting in bad faith as there is no factual support for the claim of unseaworthiness.[3] ECF No. 4-6. "[M]ere delay, . . . absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *EEOC v. Thomas Dodge Corp.*, 524 F. Supp. 2d 227, 231 (E.D.N.Y. 2007) (quoting

---

[2] Petitioner argues the motion to amend is defective under Local Rule 7.1 8(a). District courts have broad discretion to excuse a party's failure to comply with the local rules. *See, e.g., Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001) ("[a] district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules"). Claimants provided a memorandum of law in support of the motion to amend as well as a detailed affidavit of counsel in reply to Petitioner's opposition to the motion, accordingly, the Court will excuse Claimants' failure to provide the affidavit in support of it initial motion.

[3] Petitioners argument regarding bad faith is limited to this single sentence and is addressed in the Court's discussion of futility.

*State Teachers Retirement Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981)).  As a threshold matter, there is no evidence of undue delay.  The application by Claimants to amend their answer was made on January 11, 2022, following an unopposed motion to extend the deadline for filing of motions to amend the pleadings until January 15, 2022.  Thus, the motion to amend was timely.  Petitioner cannot now claim the filing was unduly delayed when he did not see fit to oppose the motion to extend the deadline for filing such motion in the first instance.

Next, Petitioner argues that he will be prejudiced by the PAA because the depositions of Billy Salazar, Petitioner and Pat Malloy Waterfront Marina have already been concluded.  ECF No. 35 at 6.  Petitioner argues that "further depositions of Salazar and the vessel owner on the specific claim of unseaworthiness would be necessary, and very likely of claimant/co-defendant Pat Malloy Waterfront Marina regarding the claim the slip was 'inadequate' Thus, Petitioner Brown would indeed be prejudiced."  ECF No. 35, at 7 (citation omitted).  In response, Claimants argue that prior to making the motion to extend the deadline for the filing of any motions to amend, and prior to the start of any depositions, counsel for Claimants submitted to counsel an email listing "the specific underlying facts for the sought-after Amendment."  ECF No. 37, at 4.  According to Claimants, "[t]his was prior to the start of any party depositions in this matter.  In fact, the email specifically states in light of the depositions scheduled to start next week, your declarant was requesting consent to amend without the Court's leave."  *Id.*  Following the email, a conference call took place on December 6, 2021 at which the parties discussed Claimant Billy Salazar's mental status and ability to answer questions as well as the anticipated motion to amend the answer.  *Id.*  "No party at that time requested that the depositions be adjourned pending the amendment."  *Id.*  Indeed, contrary to Petitioner's assertion, counsel for Claimants contend that "all defense counsel including the opponent herein deposed [Claimant]

4

and asked a number of questions directed at the proposed unseaworthiness claims. Similarly questions concerning the unseaworthiness of the vessel were asked of [Petitioner]." *Id*. at 6.

In assessing the likelihood of prejudice, the Court examines whether the proposed amendment would "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Block v. First Blood Assocs*., 988 F.2d 344, 350 (2d Cir. 1993); *see also Dawson v. Pelican Management, Inc*., 2012 U.S. Dist. LEXIS 85055, 2012 WL 2357308, at *2 (E.D.N.Y. June 1, 2012). However, additional discovery, standing alone is insufficient to demonstrate prejudice. *See, e.g., Duling v. Gristede's Operating Corp.*, 265 F.R.D. 91, 100 (S.D.N.Y. 2010) ("[T]he need for new discovery is not sufficient to constitute undue prejudice on its own."); *New Windsor v. Tesa Tuck, Inc*., 919 F. Supp. 662, 679 (S.D.N.Y. 1996) ("The burden of further discovery and motions is not a satisfactory basis to deny a motion to amend."). Petitioner was on notice of the PAA prior to the conduct of any depositions and cannot now claim he will be prejudiced by having to continue those depositions, when he could have conducted discovery into those matters at the time. No trial has been scheduled in this matter and discovery has not yet closed and Petitioner has not argued that he is prevented from bring another action by the proposed amendment. Thus, Petitioner has failed to demonstrate that he will be prejudiced by the PAA.

Plaintiff does not assert any bad faith on the part of the defendant. Although the proposed amendment may require certain additional discovery, these concerns are mitigated by the fact that the proposed counterclaim for unseaworthiness concerns the same factual predicates at issue in this action. *See, e.g., Fitzgerald v. U.S. Lines Co*., 374 U.S. 16, 18, 83 S. Ct. 1646, 1649, 10 L. Ed. 2d 720 (1963) ("[a]lthough remedies for negligence, unseaworthiness, and maintenance

5

and cure have different origins and may on occasion call for application of slightly different principles and procedures, they nevertheless, when based on one unitary set of circumstances [as they are here], serve the same purpose of indemnifying a seaman for damages caused by injury, depend in large part upon the same evidence, and involve some identical elements of recovery").

Finally, Petitioner argues the amendment is futile because the PAA "does not provide sufficient factual matter as to precisely how or in what way the 'vessel and its equipment and appurtenances' were not fit for their intended purposes," and "rather just sets forth the conclusion that the vessel was 'unseaworthy' and thus making it all but impossible for opposing counsel to prepare and conduct the deposition of the very person in charge and utilizing the vessel's equipment (the dock lines, the engine, the navigation system, etc.) Captain Salazar." ECF No. 35, at 8.  An amendment is futile if the proposed claim cannot withstand a motion to dismiss under Rule 12(b)(6).  *See, e.g., Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012).  Thus, in deciding whether an amendment is futile, the Court uses "the same standard as those governing the adequacy of a filed pleading." *Ricciuti v. N.Y.C. Transit Authority*, 941 F.2d 119, 123 (2d Cir. 1991).  The Supreme Court clarified that pleading standard in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), in which the court set forth a two-pronged approach to be utilized in analyzing a motion to dismiss. District courts are to first "identify [ ] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. at 679.  This standard applies in maritime cases as well. *Bensch v. Est. of Umar*, 2 F.4th 70 (2d Cir. 2021).

Though "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. 662.  If a complaint contains "well-pleaded factual allegations, a court should assume their veracity and then determine whether they

6

plausibly give rise to an entitlement to relief." *Id.* "A claim has facial plausibility when [a party] pleads factual content that allows the court to draw the reasonable inference that the [proposed] defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that [the proposed party] has acted unlawfully." *Id*. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (internal citations omitted)).

Claimants seek to assert a claim of unseaworthiness, based upon their allegations regarding the cleat, lines, crews, and boat slips inadequacy. ECF No. 31-1 at 5;[4] *see also* Declaration of Evelyn F. Gross, at 3 ("the factual predicate for the claim of unseaworthiness against Mr. Brown [is] that the slip which housed the vessel was too small, the appurtenances thereto including the cleat were insufficient, and that Mr. Brown failed to employ sufficient crew on the date of the accident"). Under general maritime law, unseaworthiness is a claim "based on the vessel owner's duty to ensure the vessel is reasonably fit to be at sea." *Lewis v. Lewis & Clark Marine, Inc*., 531 U.S. 438. 441. 121 S.Ct. 993. 997,148 L.Ed.2d 931 (2001). "Under the principles of seaworthiness, an owner has an absolute duty to furnish a ship, crew, and appurtenances reasonably fit for their intended service." *Oxley v. City of NY*, 923 F.2d 22. 24 (2d Cir. 1991) (citing *Mitchell v. Trawler Racer, Inc.,* 362 U.S. 539, 549, 80 S. Ct. 926, 4 L. Ed. 2d 941 (1960); *Brown v. Reinauer Transp. Cos., L.P*., 788 F. App'x 47, 49 (2d Cir. 2019) ("Strict liability attaches to a shipowner for injuries caused by the vessel's unseaworthy condition") (citing *Mitchell,* 362 U.S. at 549). Thus, "[a]n owner's failure to provide a ship, crew, and appurtenances reasonably fit for their intended service results in 'a species of liability without fault,' and such liability "does not depend either on negligence . . . or on notice,'" *Id*. (quoting

---

[4] Although the memorandum lacks page numbers the Court will refer to the pages numbers on ECF.

*Seas Shipping Co. v. Sieracki*, 328 U.S. 85, 94, 66 S. Ct. 872, 90 L. Ed. 1099 (1946), *Martinez*, 705 F.2d at 660).

A ship is considered to be unseaworthy when it is "insufficiently or defectively equipped." *Waldron v. Moore-McCormack Lines, Inc.*, 386 U.S. 724, 726, 87 S. Ct. 1410, 18 L. Ed. 2d 482 (1967) (footnote omitted). "The general rule is that the vessel must be staunch, strong, well equipped for the intended voyage and manned by a competent and skillful master of sound judgment and discretion." *Tug Ocean Prince, Inc. v. United States*, 584 F.2d 1151, 1155 (2d Cir. 1978). "Unseaworthiness is a 'condition,' and there is no restriction on its magnitude so long as it disrupts something about the ship's fitness for service." *Barlas v. United States,* 279 F. Supp. 2d 201, 206 (S.D.N.Y. 2003) (citing Note, The Doctrine of Unseaworthiness in the Lower Federal Courts, 76 Harv. L. Rev. 819, 820 (1963) ("An unseaworthy condition can be found in almost anything, no matter how trivial, that causes injury."); *Krey v. United States*, 123 F.2d 1008, 1010 (2d Cir. 1941) ("Viewed as a shower to be used at sea, the absence of any sort of handle or rail for support is alone almost enough to condemn it."); *Manigault v. United States*, 316 F. Supp. 688, 689, 691 (E.D. Pa. 1970) (finding broken glass in sink rendered ship unseaworthy, when steward was aware of the glasses' fragility and negligently failed to replace them)). The condition of unseaworthiness "might arise from any number of circumstances. Her gear might be defective, her appurtenances in disrepair, her crew unfit. The number of men assigned to perform a shipboard task might be insufficient. The method of loading her cargo, or the manner of its stowage, might be improper. For any of these reasons, or others, a vessel might not be reasonably fit for her intended service." *Usner, v. Luckenbach Overseas Corp.*, 400 US. 494, 499, 91 S.Ct. 514, 27 L.Ed.2d 562 (1971). Accordingly, to prevail on a claim of unseaworthiness, a plaintiff must establish that a vessel was unseaworthy, in that it was

insufficiently or defectively equipped, manned and/or maintained, and that his injuries resulted from the vessel's defective or insufficient condition. *Oxley*, 923 F.2d at 26; *Barlow v. Liberty Mar. Corp.*, No. 08 Civ. 4436 (VVP), 2012 WL 12957416, at *7 (E.D.N.Y. Dec. 26, 2012), aff'd, 746 F.3d 518 (2d Cir. 2014) (Plaintiff must show "by a preponderance of the evidence that the ship, its equipment or crew, was unseaworthy"); *Barlas*, 279 F.Supp.2d at 208; *Sadler v. Moran Towing Corp..* 204 F.Supp.2d 695, 697 (S.D.N.Y. 2002). Unseaworthiness also may arise from the fact that the vessel is operated by an incompetent or unfit crew. *Usner,* 400 U.S. at 499.

Here, in the PAA, Claimants allege that "the injuries to the Claimant, BILLY SALAZAR were due to the unsafe and unseaworthiness of the vessel, its equipment, and appurtenances; including but not limited to the fact that they were not fit for its intended purposes; the vessel's complement was too small and otherwise inadequate for its operations; and its officers and crew were not sufficient and such other defects, faults, hazards and unseaworthy conditions as the evidence shall reveal; and other negligence of the Petitioner." ECF No. 31-2, ¶ 8. Further, in their Memorandum of Law in Support of the Motion to Amend, Claimants argue that the "claim for unseaworthiness has merit and is not futile based on the [sic] their allegation of the cleat, lines, crews, and boat slips inadequacy." ECF No 31-1, at 5. Claimants contend that "the claim for unseaworthiness is based upon (a) the vessels compliment being to small for its safe operation; (b) unsafe equipment and appurtenances which were not fit for their intended purpose; and (c) insufficient officers and crew." ECF No. 37, at 13. Thus, Claimants have "provide[d] the grounds upon which [their] claim rests through factual allegations sufficient to raise a right to relief above the speculative level." *Rich v. Fox News Network, LLC*, 939 F.3d 112, 121 (2d Cir. 2019) (alteration in original) (internal quotation marks omitted). Based upon these allegations, the PAA is not futile.

9

Accordingly, the undersigned respectfully recommends that Claimants' motion to amend be granted.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically served by the Court on the parties. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Such objections shall be filed with the Clerk of the Court via ECF. Any requests for an extension of time for filing objections must be directed to Judge Azrack prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections will result in a waiver of those objections for purposes of appeal of the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P 72; *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchant's Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
       June __, 2022

                 _____/s_____
                 ARLENE R. LINDSAY
                 United States Magistrate Judge